IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 22-cv-1433-WJM

PINNACLE ENTERPRISE RISK CONSULTING
SERVICES, LLC, A COLORADO LIMITED
LIABILITY COMPANY

       PLAINTIFF

V.

WOODLANDS SPECIALTY HOSPITAL, LLC,
A TEXAS LIMITED LIABILITY COMPANY

       DEFENDANT

---

### DEFENDANT'S CORRECTED MOTION TO DISMISS

---

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), and D.C.COLO.LCivR 7.1, Defendant Woodlands Specialty Hospital, LLC ("WSH") files this Motion to Dismiss, respectfully showing the Court as follows:

### PRELIMINARY STATEMENT

WSH is a hospital in Texas that does not conduct any operations in Colorado. Plaintiff Pinnacle Enterprise Risk Consulting Services, LLC ("Pinnacle") brings this suit for breach of an agreement between Plaintiff and the law firm Husch Blackwell that WSH executed solely "for purposes of payment." The agreement was for the provision of consulting services to WSH in Texas. Pinnacle bases personal jurisdiction over WSH and venue in this Court exclusively pursuant to terms in the agreement that are not binding on WSH. Neither personal jurisdiction nor venue are otherwise proper in Colorado. Accordingly, this case should be dismissed.

{00590304;1}

**BACKGROUND**

Pinnacle, a healthcare consulting company, entered into a Consulting Services Agreement dated August 31, 2021, with the law firm Husch Blackwell, LLP (the "Letter Agreement"). A copy of the Letter Agreement is attached as Exhibit A.[1] The Letter Agreement was executed by Kristen Taylor on behalf of Pinnacle and Brian Flood on behalf of Husch Blackwell, which is identified as the "Client."[2] *Id.* at 1, 10. Although the Letter Agreement has the stated purpose of "furthering Husch's role as legal counsel to" Husch Blackwell's client, WSH and WSH's affiliates, WSH is not identified as a party to the Letter Agreement. *Id.* at 1. WSH's representative signed the Letter Agreement under the legend "Agreed for Purposes of Payment." *Id.* at 10.

WSH did not solicit services from Pinnacle and did not negotiate or execute the Letter Agreement in Colorado. *See* Declaration of Harold Engle ("Engle Dec."), a copy of which is attached as Exhibit B, ¶ 5. Over the months that followed execution of the Letter Agreement, WSH was billed for Pinnacle representatives to travel to Texas to provide the services called for under the Letter Agreement. *Id.* ¶ 6.

In the Letter Agreement, Pinnacle agreed to "use all reasonable efforts to administer the services in an efficient and timely manner, and maintain the appropriate professional standard using reasonable care, skill, and expertise." Exhibit A at 1. Pinnacle's services fell far below the quality warranted or what would have been reasonable for a professional to provide. Exhibit B [Engel Decl.] ¶ 7. As a result, WSH lost money on uncollectable invoices and incurred the expense

---

[1] Pinnacle failed to attach a copy of the Letter Agreement to its Complaint, presumably because the Letter Agreement indicates that it is an agreement between Pinnacle and the law firm Husch Blackwell, LLP, not an agreement between Pinnacle and WSH.

[2] WSH is referred to as "Company." *Id.*

of hiring another consultant to correct Plaintiff's work. *Id.* WSH explained these issues, among others, to Pinnacle but Pinnacle has persisted in demanding payment for its inadequate services. *Id.*

**ARGUMENT**

Venue is improper in this Court because WSH resides in Texas and a substantial part of the events or omissions giving rise to Pinnacle's claim occurred there. Similarly, because WSH is a Texas limited liability company with no connection to Colorado other than agreeing to pay for a consultant hired by WSH's Texas attorneys to provide services for WSH in Texas, personal jurisdiction is lacking.

## I.      Venue is Not Proper in this Court

Pinnacle attempts to place venue in this Court based on a provision in the Letter Agreement. WSH's limited agreement to the Letter Agreement for "Purposes of Payment," does not encompass the venue provision and the contractual venue provision does not apply to Pinnacle's non-contractual claims.

### A.  Applicable Law

In general, venue is proper in "a judicial district in which any defendant resides," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391. An entity "resides" for purposes of venue "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391©(2). "[V]enue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim, the 'focus [is] on relevant activities of the defendant, not of the plaintiff.'" *Goff v. Hackett Stone Co.*, 185 F.3d 874 (10th Cir. 1999) (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). Proper venue must be separately

established for each cause of action. *Premier Group, Inc v. Bolingbroke*, No. 15-CV-01469-PAB-CBS, 2015 WL 4512313, at *4 (D. Colo. July 27, 2015) (holding that "[t]he propriety of venue under § 1391(b)(2) is determined separately for each claim").

"'Once venue is challenged, it is the plaintiff's burden to show that venue is proper in the forum district.'" *Arrows Up, LLC v. William R. Weiss Enterprises, Inc.*, No. 19-CV-1869-WJM-KLM, 2020 WL 2395639, at *2 (D. Colo. May 12, 2020) (quoting *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019)); *see also Gwynn v. TransCor America, Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998) (holding that once venue is challenged the plaintiff must "present specific facts" to support venue). It is appropriate for the Court to consider facts outside of the complaint and the allegations in the complaint are to be accepted only where they are uncontested. *Arrows Up, LLC*, 2020 WL 2395639, at *2.

### B.  Pinnacle's Basis for Venue is Inapplicable

Pinnacle pled that venue was proper in this Court on the basis of a provision in the Letter Agreement. *See* Plaintiff's Complaint ¶ 4 ("Venue is proper in this Court pursuant to page 8 of the Agreement, which provides that this Court is the exclusive venue for any action under the Agreement."). The provision in question provides: "Any action sought to be taken by either party shall be brought in the United States District Court from [sic] the Colorado. The parties do hereby expressly submit to personal jurisdiction of the State of Colorado, County of Arapahoe, for the purposes of carrying out this provision." Exhibit A at 8. The venue provision by its own terms applies only to an action brought by "either party." *Id*. The two parties to the Letter Agreement are Pinnacle and Husch Blackwell. *Id.* at 1. While WSH is identified in the Letter Agreement as "Company," and certain provisions make reference to WSH, the venue and personal jurisdiction clause does not include any reference to WSH or Company.

Moreover, WSH did not agree to be bound by the venue clause in the Letter Agreement. WSH's limited agreement to the Letter Agreement for "Purposes of Payment," does not encompass the venue provision. Accordingly, Pinnacle's reliance on the Letter Agreement is misplaced.

### C.  Venue is Not Proper in Colorado Under the Federal Venue Statute

Nor is venue otherwise proper. WSH does not "reside" in Colorado. WSH is a limited liability company organized under the laws of Texas with its sole place of business in Texas. Exhibit B [Engle Decl.] ¶¶ 3-4. As discussed in greater detail below, the Court does not have personal jurisdiction over WSH. The Complaint fails to identify any contacts between WSH and Colorado. WSH has no operations in Colorado and has no connection to Colorado other than the fact that WSH's law firm selected a Colorado company to perform services for WSH. *Id.* ¶ 4. WSH executed the Letter Agreement in Texas and no one from WSH travelled to Colorado for any purpose relating to the Letter Agreement. *Id.* ¶ 5.

There has been no allegation that the District of Colorado is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Pinnacle's alleged presence in Colorado was irrelevant to the performance of the duties outlined in the Letter Agreement. Venue is therefore improper in this district.

## II.   The Court Lacks Personal Jurisdiction Over WSH

Personal jurisdiction over WSH is likewise improper in this Court. It is clear from the face of the Complaint that WSH is not a resident of Colorado. Complaint ¶ 2. Accordingly, the exercise of *in personam* jurisdiction over WSH requires Pinnacle to establish that jurisdiction is proper under Colorado law and "'that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'" *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1229–

30 (D. Colo. 2009), as corrected (Jan. 28, 2010) (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004)).

### A.    Applicable Law

Because Colorado's long arm statute is coextensive with the limitations imposed by the due process clause, these inquiries collapse into one. *Id.* "Under the due process clause, a 'personal jurisdiction analysis involves a two-step inquiry.'" *Id.* (quoting *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)). The first step is a determination of whether the nonresident defendant has minimum contacts with the forum state "such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297. Second, even if the defendant has sufficient minimum contacts, jurisdiction is lacking if it would offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987).

The "minimum contacts" must be acts taken by the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998). "[C]ourts have been unwilling to allow states to assert personal jurisdiction over foreign defendants where the defendant's presence in the forum arose from the unilateral acts of someone other than the defendant." *Id.*

The requisite "minimum contacts" generally confer one of two types of general personal jurisdiction: general and specific. *See, e.g., Daimler AG v. Bauman*, 571 U.S. 117, 128 (2014). For an entity defendant, a court may assert general jurisdiction in the forum where its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). This is typically the entity's state of organization and the state of its principal place of business. *Daimler AG*, 571 U.S. at 137.

Specific jurisdiction may arise from fewer contacts or acts but only when the contacts "gave rise to the episode in suit" or the plaintiff's claims are "with respect to those acts." *Goodyear,* 564 U.S. at 923. For to a contract-based claim, merely contracting with a resident of Colorado is not enough to establish minimum contacts. *Encore Productions, Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1117 (D. Colo. 1999); *SGI Air Holdings II LLC. V. Novartis Intern., AG*, 192 F. Supp. 2d 1195, 1202 (D. Colo. 2002) ("Colorado courts have previously refused personal jurisdiction over out-of-state defendants on the basis of insufficient minimum contacts where those defendants have entered into and allegedly breached a contract with a Colorado resident."). A contract between a Colorado plaintiff and an out-of-state defendant confers personal jurisdiction over the defendant only, for example, where the contract requires ongoing action by the defendant in Colorado or was heavily negotiated and executed in Colorado. *See, e.g., New Frontier Media, Inc. v. Freeman*, 85 P.3d 611, 614 (Colo. App. 2003). Similarly, the fact that a contract requires payment to a party who happens to be located in Colorado is "an attenuated contact and thus incapable of supporting Plaintiff's burden" to establish personal jurisdiction. *Tripoli Mgmt., LLC v. Waste Connections of Kansas, Inc.*, No. 09CV01767-CMA-KLM, 2010 WL 845927, at *4 (D. Colo. Mar. 9, 2010).

If a court finds contacts sufficient to meet either general or specific jurisdiction, the exercise of jurisdiction still must comport with "fair play and substantial justice." The court must consider: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *OMI Holdings, Inc.*, 149 F.3d at 1095. This inquiry is a sliding scale. *Id.* Where the plaintiff makes only a weak

showing of defendant's contacts with the forum state, the plaintiff's fair play and substantial justice burden is higher. *Id.* at 1091–92.

### B.      The Court Lacks General Jurisdiction Over WSH

As discussed above, WSH is a limited liability company organized under the laws of Texas and has its principal place of business in Texas. Exhibit B [Engle Decl.] ¶ 3. WSH is "at home," and therefore subject to general jurisdiction, in Texas. *See Daimler AG*, 571 U.S. at 137. Pinnacle has failed to allege any facts suggesting that WSH had continuous or systematic contacts with Colorado, let alone continuous and systematic contacts sufficient to render WSH "essentially at home" in Colorado. Accordingly, general jurisdiction is lacking. *See Goodyear*, 564 U.S. at 924.

### C.      The Court Lacks Specific Jurisdiction Over WSH

Pinnacle bases its allegation of personal jurisdiction on a provision in the Letter Agreement. *See* Plaintiff's Complaint ¶ 4 ("The parties further subjected themselves in the Agreement to personal jurisdiction in Colorado."). WSH's limited agreement to the Letter Agreement for "Purposes of Payment" is insufficient to demonstrate that WSH agreed to waive its right to contest personal jurisdiction in Colorado or could reasonably anticipate being haled into court in Colorado.

The Complaint identifies no contacts at all between WSH and Colorado. The Letter Agreement is for services to be provided to WSH, which is located in Texas. *See* Complaint at 1-2. It was entered into by Pinnacle and WSH's then law firm, Husch Blackwell, and does not reflect that WSH solicited the relationship in any way. *See* Exhibit A. There are no allegations in the Complaint that WSH undertook any activities within Colorado. While the Letter Agreement provides for payment from WSH to Pinnacle, it does not require that payment be made in Colorado. *See* Exhibit A. The fact that a contract requires payment to a party who happens to be located in

Colorado is "an attenuated contact and thus incapable of supporting Plaintiff's burden" to establish personal jurisdiction. *See Tripoli Mgmt., LLC*, 2010 WL 845927, at *4. Accordingly, specific jurisdiction is lacking.

> **D.      The Exercise of Personal Jurisdiction Would Not Comport With "Fair Play and Substantial Justice"**

Even if the Court had general or specific jurisdiction over WSH, the exercise of that jurisdiction would be improper. Forcing WSH to litigate this case in Colorado would be highly burdensome on it. *See* Exhibit B [Engle Decl.] ¶ 8. WSH is an active hospital. Forcing it to litigate with Pinnacle in Colorado would cause unnecessary expense and require WSH personnel to forgo patient-related activities in Texas for time in court and travel time each time they were required to be in Colorado. *Id.* Colorado does not have a strong interest in adjudicating this contract-based dispute between Pinnacle and a Texas entity for services to be provided to the Texas entity, particularly given that some of the sums sought are for travel to Texas and services provided in Texas. Finally, Pinnacle may obtain relief in Texas as expediently and effectively as it would in Colorado.

**CONCLUSION AND PRAYER**

WSH executed the Letter Agreement only for purposes of payment. Pinnacle's reliance on the terms of the Letter Agreement as the basis for venue and personal jurisdiction is therefore misplaced. Venue is improper in Colorado and this Court lacks personal jurisdiction over WSH. For these reasons, Pinnacle's claims against WSH should be dismissed.

Wherefore, Woodlands Specialty Hospital, LLC prays that this Motion to Dismiss be granted and Plaintiff's complaint be dismissed.

Respectfully submitted,

By: s/ *Leslie Sara Hyman*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Leslie Sara Hyman
    Texas State Bar No. 00798274
    lhyman@pulmanlaw.com
    **PULMAN, CAPPUCCIO & PULLEN, LLP**
    2161 NW Military Highway, Suite 400
    San Antonio, Texas 78213
    (210) 222-9494 Telephone
    (210) 892-1610 Facsimile

Stephen B. Shapiro
Garth Gersten
**OTTESON SHAPIRO LLP**
7979 E. Tufts Avenue, Suite 1600
Denver, CO 80237
Telephone: (720) 488-0220
Facsimile: (720) 488-7711
Email: sbs@os.law

**ATTORNEYS FOR DEFENDANT**
**WOODLANDS SPECIALTY HOSPITAL, LLC**

### REVISED PRACTICE STANDARD III.D.1 CERTIFICATION

I certify that between August 24 and August 26, 2022, prior to the filing of this motion, I conferred via telephone conference and the exchange of follow up emails with counsel for Plaintiff to determine whether the deficiencies identified in this motion could be corrected by amendment. Counsel for Plaintiff stated that Plaintiff does not intend to file an amended complaint based on the issues raised in the motion.

        s/ *Leslie Sara Hyman*
        Leslie Sara Hyman

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 26, 2022, I caused a true and correct copy of the foregoing **DEFENDANT'S CORRECTED MOTION TO DISMISS** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice to the following:

John A. Wharton, Esq.
whartonj@gtlaw.com
Greenberg Traurig, LLP
1144 – 15th Street, Suite 3300
Denver, Colorado 80202

Christopher S. Dodrill
dodrillc@gtlaw.com
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201


<u>s/ *Leslie Sara Hyman*</u>
Leslie Sara Hyman