*Monday at 10:00* (handwritten)

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01433-WJM-KLM

PINNACLE ENTERPRISE RISK CONSULTING SERVICES, LLC,
a Colorado Limited Liability Company,

      Plaintiff(s),

v.

WOODLANDS SPECIALTY HOSPITAL, LLC,
a Texas Limited Liability Company,

      Defendant(s).

*See Pre- Scheduling Conf. Order at #11.* (handwritten)

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Scheduling Conference: September 26, 2022, commencing at 10:00 a.m. in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

*Counsel for Plaintiff:*
John A. Wharton
GREENBERG TRAURIG, LLP
1144 15th St., Suite 3300
Denver, CO 80202
Tel: (303) 572-6548

Christopher S. Dodrill
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Tel: (214) 665-3681

*Counsel for Defendant:*
Randall A. Pulman
Leslie Sara Hyman
PULLEN, CAPPUCCIO & PULLEN, LLP
2161 N.W. Military Highway, Suite 400
San Antonio, TX 78213
Tel: (210) 222-9494

Stephen B. Shapiro
Garth Gersten
OTTESON SHAPIRO LLP
7979 E. Tufts Avenue, Suite 1600
Denver, CO 80237
Tel: (720) 488-0220

## 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1332. The

parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff

asserts that personal jurisdiction and venue are proper under the Consulting Services

Agreement dated August 31, 2021 (the "Agreement") that is the subject of this lawsuit.

Defendant denies that the Court has personal jurisdiction over Defendant or that venue

is proper in the District of Colorado and has filed a Corrected Motion to Dismiss.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff: Plaintiff, a healthcare consulting company, and Defendant, a full-service

hospital, entered into the Agreement, under which Defendant agreed to pay Plaintiff for

enterprise risk and healthcare management support services. Plaintiff provided those services to

Defendant beginning in September 2021 and continuing through at least March 2022. Plaintiff

2

invoiced Defendant for its services, and Defendant made partial payments on those amounts. Defendant has a remaining account balance due of $325,741.94 that it refuses to pay. Plaintiff files this action to recover the amount due under the Agreement and asserts claims for (1) breach of contract; (2) promissory estoppel (in the alternative); and (3) unjust enrichment (in the alternative).

        b.        Defendant: Plaintiff, a healthcare consulting company, entered into a Consulting Services Agreement dated August 31, 2021, with the law firm Husch Blackwell, which Defendant, a Texas hospital, signed solely for the purposes of payment. Plaintiff agreed to "use all reasonable efforts to administer the services in an efficient and timely manner, and maintain the appropriate professional standard using reasonable care, skill, and expertise." Plaintiff purported to provide services to Defendant in Texas, but materially breached the Agreement because the services fell far below the quality warranted or what would have been reasonable for a professional to provide, causing Defendant to lose money on uncollectable invoices and incur the expense of hiring another consultant to correct Plaintiff's work. Plaintiff's claims for promissory estoppel and unjust enrichment fail because the services provided were not valuable or beneficial.

Other Parties: None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.        Plaintiff executed the Agreement on August 31, 2021. Defendant's President, Ravi Moparty, executed the Agreement on behalf of Defendant on September 2, 2021 indicating that Defendant "Agreed for Purposes of Payment."

## 5. COMPUTATION OF
## DAMAGES

Plaintiff alleges that it has billed Defendant a total of 11 invoices for services rendered over the course of a seven-month period totaling $662,142.52. To date, Defendant has paid $336,365.26 of this amount. Defendant has a remaining balance of $325,741.94.

| Invoice No. | Date | Amount | Payment Status |
|---|---|---|---|
| 12273 | 9/30/2021 | $154,372.63 | Paid |
| 12332 | 10/31/2021 | $109,274.55 | Paid |
| 12333 | 10/31/2021 | $98,415.24 | Partially paid ($22,952.55 outstanding) |
| 12334 | 10/31/2021 | $58,293.42 | Unpaid |
| 12506 | 11/30/2021 | $59,727.67 | Unpaid |
| 12507 | 11/30/2021 | $95,705.95 | Unpaid |
| 12508 | 11/30/2021 | $32,535.06 | Unpaid |
| 12654 | 1/24/2022 | $13,038.70 | Unpaid |
| 12679 | 1/31/2022 | $5,636.56 | Unpaid |
| 12765 | 2/28/2022 | $12,675.01 | Unpaid |
| 12818 | 3/31/2022 | $22,467.73 | Unpaid |

Plaintiff also seeks to recover attorneys' fees and costs incurred as a result of this dispute pursuant to the Agreement and all applicable pre-judgment and post-judgment interest.

If the Court determines that Defendant is bound by the terms of the Agreement, Defendant will seek to recover attorneys' fees and costs incurred as a result of this dispute pursuant to the Agreement. Defendant may also bring a counterclaim for Plaintiff's breach of the Agreement.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting.

*September 19, 2022.*

4

b.      Names of each participant and party he/she represented.

*John Wharton and Chris Dodrill on behalf of Plaintiff. Leslie Hyman on*

*behalf of Defendant.*

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

*October 3, 2022.*

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R.
        Civ. P. 26(a)(1).

*The Parties stipulate to a six-week extension to the presumptive deadline to*

*serve Rule 26(a)(1) Disclosures.*

e.      Statement concerning any agreements to conduct informal discovery:

*The Parties have not yet agreed to any procedures regarding informal*

*discovery but will consider informal discovery should the circumstances*

*warrant.*

f.      Statement concerning any other agreements or procedures to reduce discovery

and other litigation costs, including the use of a unified exhibit numbering

system.

*The Parties will use a unified exhibit numbering system for deposition and trial*

*exhibits.*

g.      Statement as to whether the parties anticipate that their claims or defenses will

involve extensive electronically stored information, or that a substantial amount

of disclosure or discovery will involve information or records maintained in

electronic form.

> *The Parties do not anticipate extensive production of electronically stored information and will confer regarding a stipulated ESI order governing the search methods and production of ESI.*

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

> *The Parties have engaged in early settlement negotiations, but further negotiations are necessary.  The Parties agree to engage in further settlement discussions following service of initial disclosures, completion of discovery, and the resolution of Rule 12 motions practice.*

## 7.
## CONSENT

The parties are considering whether to consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY
## LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~None.~~    *10 depos per side*
            *25 rogs per side*

b.  Limitations which any party proposes on the length of depositions.

> *As provided by FRCP 30.*

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.

> *The Parties agree to limit requests for admission to 20 per side.*

6

*25 RFPs per side.*

d.  Deadline for service of Interrogatories, Requests for Production of Documents

and/or Admissions:

*March 17, 2023.*

e.  Other Planning or Discovery Orders

*No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.*

## 9. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:

*November 30, 2022.*

b.  Discovery Cut-off:

*April 21, 2023.*

c.  Dispositive Motion Deadline:

*May 17, 2023.*

d.  Expert Witness Disclosure

1.  The parties shall identify anticipated fields of expert testimony, if any.

    *Plaintiff anticipates eliciting expert testimony in the field of healthcare consulting services and related billing practices. Defendant also anticipates eliciting expert testimony in the field of healthcare consulting services and related billing practices and also anticipates eliciting expert testimony in*

7

*the field of healthcare regulatory requirements, accounting practices and*

*standards, and corporate governance.*

2. Limitations which the parties propose on the use or number of expert

   witnesses.

   *The Parties agree to limit each party to three retained expert witnesses and*

   *three non-retained expert witnesses.* No more than 1 expert per side per area of subject matter expertise

3. The parties shall designate all experts and provide opposing counsel and any

   pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or

   before *March 3, 2023.*

4. The parties shall designate all rebuttal experts and provide opposing counsel

   and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2)

   on or before *March 24, 2023.*

e. Identification of Persons to Be Deposed:

   *Plaintiff anticipates deposing Defendant's sole member, Ravi Moparty, and*

   *conducting a Rule 30(b)(6) deposition of Defendant.  Plaintiff anticipates seven*

   *hours of on-the-record time for each deposition.  Plaintiff reserves its right to*

   *conduct additional depositions upon review of Defendant's initial disclosures*

   *and/or discovery of additional individuals.*

   *Defendant anticipates conducting a Rule 30(b)(6) deposition of Plaintiff and*

   *deposing Steven Lash, Kristen Taylor, and Brian Flood. Defendant also*

   *anticipates deposing Plaintiff's expert witnesses.  Defendant reserves its right to*

*conduct additional depositions upon review of Plaintiff's initial disclosures*

*and/or discovery of additional individuals.*

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.   Status conferences will be held in this case at the following dates and

times: _____*As needed.*_____

b.   A final pretrial conference will be held in this case on _12/1/23_ at o'clock

_1:30_ pm. A Final Pretrial Order shall be prepared by the parties and submitted to

the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a

good faith effort, were unable to reach an agreement.

*None at this time.*

b.   Anticipated length of trial and whether trial is to the court or jury.

*The Parties anticipate a four-day jury trial.*

c.   Identify pretrial proceedings, if any, that the parties believe may be more

efficiently or economically conducted in the District Court's facilities at 212 N.

Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S.

Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado

81501-2520; or the U.S. Courthouse/Federal Building, La Plata County

Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

*None.*

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LcivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's

client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of

this case.

With respect to discovery disputes, parties must comply with D.C.COLo.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be

reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

*This Scheduling Order may be altered or amended only upon a showing of good cause*

*by either party.*

DATED at Denver, Colorado, this 26 day of ___September___, 2022.

BY THE COURT:

United States Magistrate Judge

APPROVED:

/s/ *John A. Wharton*
John A Wharton
1144 15th St., Suite 3300
Denver, CO 80202
(303) 572-6548
Attorney for Plaintiff

/s/ *Randall A. Pulman*
Randall A Pulman
2161 N.W. Military Highway, Suite 400
San Antonio, TX 78213
(210) 222-9494
Attorney for Defendant